Woodrow MULLINS, Appellant,

v.

Sam ELSWICK et al., etc., Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1968.

As Modified on Denial of Rehearing
March 21, 1969.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

Jean L. Auxier, Pikeville, for appellees.

CULLEN, Commissioner.

A majority of the members of the Caney Creek Freewill Baptist Church voted to withdraw the church from the Floyd County Conference of Freewill Baptists, which was an association or "Quarterly Meeting" of the denomination. Members representing the minority then brought this action seeking to recover possession and control of the church property from the majority, alleging that by virtue of the withdrawal from the association the majority were using and applying the church property to doctrines and practices repugnant to the faith and

practices of the Freewill Baptists. After hearing proof the circuit court concluded as a matter of law that the majority "did not have the right or power to take with them the church property over the objection of the ones who remained in the parent organization," and entered judgment giving control of the property to the minority. An appeal has been taken for the majority.

In reaching his conclusion of law and judgment the circuit judge relied upon cases, such as Clay v. Crawford, 298 Ky. 694, 183 S.W.2d 797, which involved churches with the denominational or presbyterian form of government, in which the governing power rests in superior organizations. See Bunnell v. Creacy, Ky., 266 S.W. 2d 98. In this we believe he was in error because the record shows that the Caney Creek Freewill Baptist Church is and was of the congregational form, in which the governing power rests only in the members of the local congregation.

■ It is true that under the "Treatise of the Faith and Practices of The Original Free Will Baptists" every local church has the "duty" to unite with some Quarterly Meeting or Association, and it is stated to be contrary to the practices of the denomination for a church to dissolve its connection with the Quarterly Meeting. However, the treatise does not vest in the Quarterly Meeting any governmental power over the local church; on the contrary the treatise states that the local church is an independent body as relates to its own government, the transaction of its business, the choice of its officers, and the discipline of its members.

■ Membership in an association has been held not to affect the congregational form of government of the local church. See Brook v. Yadon, 14 Ky.Law Rep. 863; Martin v. Kentucky Christian Conference, 255 Ky. 322, 73 S.W.2d 849; Bray v. Moses, 305 Ky. 24, 202 S.W.2d 749.

■ Since the church here involved is one having the congregational form of government, the law applicable is that the majority group is entitled to use and possession of the church property unless the group has departed from the fundamental theological doctrines of the church. See Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361; Bunnell v. Creacy, Ky., 266 S.W.2d 98. It has been held that the departure must be substantial in character and from the fundamental or distinctive teachings and practices of the ·denomination, or based upon a difference in material and vital creeds. Parker v. Harper, supra.

■ The only departure charged in the instant case is the withdrawal from the association. This strikes us as relating simply to a matter of organizational structure rather than theological doctrine. In Bunnell v. Creacy, supra, we held that the form of government of a congregational church is not a matter of theological doctrine within the meaning of the rule that a majority will forfeit its property rights by departing from the fundamental doctrines of the church. We think that holding is controlling here.[1]

The judgment is reversed with directions to enter judgment in conformity with this opinion.

All concur except EDWARD P. HILL, J., who dissents.

---

1. While this case was pending on petition for rehearing, the Supreme Court decided Presbyterian Church in the United States v, Mary Elizabeth Blue Hull Memorial Presbyterian Church (January 27, 1969), holding that state courts cannot make determinations of theological questions because this violates the First Amendment provisions requiring separation of church and state. We are not required thereby to reconsider our decision herein of September 20, 1968, which was correct when made. However, even were we to do so the result in this case would be the same, because the majority then would be entitled to the property without regard to any departure from the fundamental theological doctrines of the church.