**NOLYNN ASSOCIATION OF SEPARATE BAPTISTS IN CHRIST of Kentucky et al., etc., Appellants,**

v.

**OAK GROVE SEPARATE BAPTIST CHURCH et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1970.

Rehearing Denied Oct. 2, 1970.

J. Wood Vance, Jr., Glasgow, for appellants.

Riherd & Richardson, Glasgow, for appellees.

MILLIKEN, Judge.

This is an appeal by the Nolynn Association of Separate Baptists in Christ from a judgment of the Green Circuit Court holding that the Oak Grove Separate Baptist Church is an independent church, congregational in its government, and that the Nolynn Association has no jurisdiction or control over the property or internal affairs of the Oak Grove Church. The members of the Presbytery Board of the Nolynn Association were enjoined from interfering with the operation of the internal affairs or the property of the Oak Grove Church.

Disagreement arose between the Association and the Oak Grove Church when a member of the church questioned the Presbytery Board's action in disordaining his son who was a minister. When the pastor of the Oak Grove Church, the appellee, Terry Bishop, was unable to, or did not, influence the Church to omit the name of this protesting member from the list of delegates to the 1968 Association meeting, Bishop's ministerial license also was revoked and the Board (without the consent of the Church) appointed another pastor to take his place.

Meanwhile, the Church decided by a majority vote to withdraw from the Association, and then cancelled the church memberships of all those voting not to withdraw. The Association argued that no local

church could withdraw without the Association's approval because the by-laws of the Association required it. The appellees contend that these by-laws which had appeared in print only in recent years (the withdrawal regulation appeared in 1966, less than two years prior to the commencement of the controversy between Oak Grove Church and the Association) are an assumption of power by the Board unwarranted by traditional Separate Baptist Church organization.

■ Because freedom of religion is protected by the First Amendment, the courts ordinarily are unwilling to become involved in the resolution of controversies over religious doctrines and practices, Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed. 2d 658 (1969); Pelphrey v. Cochran, 454 S. W.2d 675 (1970). Religious disagreements are more appropriately settled by the person or group of persons who, according to the type organization employed in the particular church, have been vested with decision-making authority. The center or location of organizational authority varies with different sects and its location is really the chief issue here. Courts have accepted jurisdiction, in cases involving the withdrawal of a local church from the general church, for the very limited purpose of determining the nature of the church government. We have recognized three basic forms of church government: (1) prelatical, in which the governing power resides in prelates or diocesan bishops and the higher clergy; (2) presbyterian, with the governing power residing in assemblies, synods, presbyteries, and sessions; (3) congregational, in which each local church administers it own government by the voice of the majority of its own members. Membership in an association does not prevent the church government from being congregational in form. Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255 (1928); Kidwell v. Crawford, 298 Ky. 380, 182 S.W.2d 968 (1944); Mullins v. Elswick, Ky., 438 S.W. 2d 496 (1969).

■ There was evidence introduced in this case that the Oak Grove Separate Baptist Church generally attended to its own affairs, handled its own finances and selected its own church officials. A document purporting to be the original constitution of the Oak Grove Separate Baptist Church, when it was known as the Mount Carmel Church, states that all business should be done by the majority of the Church. The property of the Church is held in the name of the trustees of Oak Grove Baptist Church.

The Presbytery Board, it is contended, was originally set up for the limited purpose of aiding in the ordination of ministers, not as a ruling church authority. Appellees presented a disinterested witness, a professor of church history at a Baptist Seminary, who testified that the Separate Baptist Churches are congregational in form. We conclude that there was substantial evidence from which the trial court could reasonably conclude that the Separate Baptist Church is congregational in form, and that, therefore, the Oak Grove Separate Baptist Church is entitled to regulate its internal affairs. See Mullins v. Elswick, Ky., 438 S.W.2d 496 (1969).

Consequently, we can not say that the trial court's findings are clearly erroneous, or erroneous at all. CR 52.01.

The judgment is affirmed.

All concur.

NEIKIRK, J., not sitting.